UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTIN McCULLOCH,
    Plaintiff,

v.

WARDEN ERFE,
    Defendant.

No. 3:16-cv-869 (SRU)

# RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Martin McCulloch, an inmate confined at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 21, 2016, I ordered the defendant, Warden Erfe ("the State"), to show cause why the petition should not be granted. On November 10, 2016, the State filed a motion to dismiss the petition on the ground it was not timely filed. On November 23, 2016, McCulloch responded to the motion to dismiss and included a statement in which he contends that the petition was timely. If the petition is untimely, McCulloch asks the court to excuse its untimeliness due to the fact that the delay was minimal and that he lacked adequate resources, including the rules and regulations of federal habeas law.

**I.    Discussion**

Federal law imposes a one-year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1). A state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

    (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period may be tolled for the period during which a properly filed state habeas petition is pending. *See* 28 U.S.C. § 2244(d)(2). Furthermore, the limitations period may be equitably tolled in extraordinary circumstances. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

A. Statute of Limitations

For the purposes of this case, the one-year period of limitation began to run when McCulloch's conviction became final. 28 U.S.C. § 2244(d)(1)(A). McCulloch was found guilty by a jury and sentenced thereafter on May 12, 2006. McCulloch appealed his conviction and the Connecticut Appellate Court rendered its decision on June 16, 2009. *See* Mot. Dismiss, App'x A (doc. # 14-1). The Appellate Court decision affirmed McCulloch's conviction on three counts and reversed his conviction on one count. McCulloch petitioned the Connecticut Supreme Court to hear an appeal on the remaining counts of conviction and that petition for certification was denied on September 9, 2009. *See id.*, App'x B (doc. # 14-2). McCulloch did not petition for certiorari in the United States Supreme Court. In most circumstances, the conviction would become final at the conclusion of the time for which to file a petition for certiorari. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (holding that if petitioner had appealed to state's highest court, direct appeal also included filing petition for writ of certiorari in Supreme Court or the expiration of time within which to file petition).

2

However, because the Appellate Court reversed one count of conviction, Kidnapping in the First Degree, and remanded for retrial, the conviction did not become final until the final disposition of that charge. On October 6, 2009, the State's Attorney informed the state court of its decision to enter into a *nolle prosequi* with respect to the kidnapping charge. Mot. Dismiss, App'x I (doc. # 14-9). Because no appeal was taken thereafter, the conviction became final on that date, and the limitations period began to run the following day, October 7, 2009.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). That said, the filing of a state petition cannot revive a time period that has already expired, nor does it toll the limitations period if the petition is not actively pending. *See Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005) (a state petition does not toll the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), unless petition is "'properly filed' and 'pending' [in state court] during the tolling period"); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (holding that the tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run").

Immediately upon having received notice that the State had entered a *nolle prosequi* with respect to his kidnapping charge, McCulloch filed a petition for sentence review. Thus, the one-year limitations period was tolled before it even began to run. It remained tolled during the pendency of McCulloch's pending sentencing review, from October 7, 2009, to June 1, 2010. On April 9, 2010, McCulloch also filed his first state habeas petition with respect to his remaining counts of conviction (two counts of Risk of Injury to a Minor and one count of Sexual

Assault in the First Degree). Accordingly, the one-year limitations period remained tolled during the pendency of that petition, which was voluntarily withdrawn on June 6, 2012.

McCulloch filed his second habeas petition on the very same day that he withdrew his first habeas petition, so the limitations period remained tolled from the time it was filed until it was withdrawn on February 25, 2015. Mot. to Dismiss, App'x G (doc. # 14-7). Overall, the time for which to file a federal habeas petition was tolled from the time McCulloch's conviction became final, on October 7, 2009, to the date he withdrew his second state habeas petition, on February 25, 2015. Because McCulloch's conviction was final and he no longer had a pending state habeas petition, the one-year limitations period began to run for the first time on February 26, 2015. On March 3, 2016, McCulloch filed his third state habeas petition. At that time, it had been more than a year since the withdrawal of his state habeas petition and the one-year statute of limitations period to file a federal habeas petition had already expired. McCulloch's filing of a third petition did not toll or otherwise excuse the fact that he was already foreclosed from filing a federal habeas petition. Following the state court's declination of McCulloch's third state habeas petition on March 9, 2016, McCulloch filed the instant federal habeas petition in this court on May 25, 2016, the day on which he provided the petition to prison officials for mailing.[1]

McCulloch's current federal habeas petition is untimely because, taking into account periods that were tolled as a result of pending state habeas petitions, it was filed more than one year after his conviction became final. Accordingly, it will be denied unless McCulloch can establish circumstances that warrant equitable tolling.

---

[1] *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *opinion modified on reh'g*, 25 F.3d 81 (2d Cir. 1994) (pro se prisoner complaint deemed filed on date he gives petition to prison officials for mailing).

B. Equitable tolling

The doctrine of equitable tolling applies in section 2254 cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling may be applied in habeas cases only in extraordinary circumstances. *See Pace*, 544 U.S. at 418. The petitioner must show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from filing his petition in a timely manner. *Id.*

The standard for determining whether a petitioner diligently pursued his rights is reasonable diligence. The court must determine whether the petitioner has shown that he "act[ed] as diligently as reasonably could have been expected *under the circumstances*" throughout the entire time period he seeks to have the court equitably toll. *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).

The threshold for a petitioner to establish extraordinary circumstances that would justify equitable tolling is very high. *See Dillon v. Conway*, 642 F.3d 358, 363 (2011). When considering whether extraordinary circumstances exist, the court considers "how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008), *cert. denied sub nom. Diaz v. Conway,* 555 U.S. 870 (2008). The inquiries into extraordinary circumstances and reasonable diligence are related. The petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence," he could have timely filed his petition notwithstanding the extraordinary circumstances." *Id.*

On November 23, 2016, McCulloch submitted a one-page response to the State's motion to dismiss. Most of the response addresses whether or not his petition was timely. For reasons

5

already stated, that claim is without merit. Although McCulloch may not be aware that the limitations period ran and ultimately expired in the time between the dismissal of his second state habeas and the filing of his third state habeas, ignorance of the law is no excuse. *See Celestin v. Ercole*, 2010 WL 1930248, at *4 (E.D.N.Y. May 11, 2010).

McCulloch argues that the limitations period should be equitably tolled to account for the fact that he has limited resources and lacks access to federal habeas rules, regulations, and case law. The lack of easy access to legal resources, however, does not warrant equitable tolling. *See Giles v. Smith*, 2010 WL 4159468, at *3 (S.D.N.Y. Oct. 8, 2010) ("[T]he fact that Petitioner did not determine that he had a legal claim earlier perhaps because he is proceeding pro se or is not familiar with legal research, is not generally considered an extraordinary circumstance meriting tolling."). The petitioner sets forth no facts to warrant tolling of the statute of limitations. Accordingly, the petition for writ of habeas corpus is dismissed as barred by the statute of limitations.

C. Merits

Though I do not consider the merits of the case, I do write separately to note that McCulloch does not appear to suffer any prejudice from this adverse ruling. McCulloch contends that he received an illegal sentence because the sentencing judge did not have the opportunity to take into account the fact that one of McCulloch's four counts of conviction were subsequently reversed on appeal. As the Appellate Court noted, McCulloch is not prejudiced by the trial court's failure to resentence him following the reversal of his kidnapping charge because there is no evidence indicating that the kidnapping charge influenced the trial court's determination of McCulloch's sentence.

On the first count, Sexual Assault in the First Degree, the trial court sentenced McCulloch to 20 years' imprisonment. Mot. Dismiss, App'x D at 35 (doc. # 14-4). The court held that the second and third counts of conviction, both charges of Risk of Injury to a Child, would each run for 10 years, consecutively to the first count and concurrently with each other. *Id.* The decision to impose two 10-year sentences consecutively to the 20-year sentence on count one resulted in a total effective sentence of 30 years.

Finally, for the fourth count, Kidnapping in the First Degree, the judge sentenced McCulloch to 20 years, concurrent with the first count. *Id.* The fact that the court directed the sentence for the kidnapping to run concurrently with the sexual assault charge indicates that the court did not think the kidnapping charge warranted additional punishment. *See* Mot. Dismiss, App'x D at 31 (doc. # 14-4). Moreover, the elimination of the kidnapping charge had no effect on McCulloch's remaining sentence of 20 years for count one and 10 years for counts two and three, which each run consecutively to the 20 year sentence and concurrently with each other. Together, the sentence for the remaining counts yields a total effective sentence of 30 years. Because the reversal of McCulloch's kidnapping conviction had no effect on his current sentence, he is not serving an illegal sentence and need not be resentenced.

## II. Conclusion

For the foregoing reasons, the State's motion (doc. # 13) is granted and the petition for writ of habeas corpus (doc. # 1) is dismissed as barred by the statute of limitations. Because McCulloch has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. The Clerk shall enter judgment and close the file

So ordered.

Dated at Bridgeport, Connecticut, this 31st day of July 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge